**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEVERLY BRYANT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 16-00360-B** |
| | * | |
| **NANCY BERRYHILL,**[1] | * | |
| **Acting Commissioner of Social** | * | |
| **Security,** | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

Plaintiff Beverly Ann Bryant (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* On May 26, 2017, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 19). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

I. __Procedural History__[2]

Plaintiff filed her application for benefits on April 22, 2013, alleging disability beginning December 14, 2012, based on fibromyalgia, cervical and lumbar spine degenerative disease, spinal stenosis, depression, osteoarthritis, and inflammatory arthritis. (Doc. 9-3 at 2). Plaintiff's application was denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Renee Blackmon Hagler (hereinafter "ALJ") on August 4, 2014. (Id. at 32). Plaintiff attended the hearing with her counsel and provided testimony related to her claims. (Id.). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id.). On November 13, 2014, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 20). The Appeals Council denied Plaintiff's request for review on May 3, 2017. (Id. at 2). Therefore, the ALJ's decision dated November 13, 2014, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). Oral argument was conducted on June 1, 2017 (Doc. 21), and the parties agree

---

[2] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF, not the page numbers assigned by the Agency.

that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  Issues on Appeal

> 1. Whether substantial evidence supports the ALJ's assignment of no weight to the opinions of Plaintiff's treating physician?
>
> 2. Whether substantial evidence supports the ALJ's finding that Plaintiff's claims of pain were not credible?

## III. Factual Background

Plaintiff was born on January 13, 1952, and was sixty-two years of age at the time of her administrative hearing on November 13, 2014.  (Doc. 9-2 at 35).  Plaintiff graduated from high school and completed some college courses.  (Id. at 24).

Plaintiff last worked from 2007 to 2012 at Georgia Pacific as a senior purchaser.  (Doc. 10 at 11-12; Doc. 10-1 at 7; Doc. 9-2 at 39-40).  Prior to that, she worked from 2004 to 2006 at RockTenn Corporation as a purchaser/buyer and from 1999 to 2003 at Jefferson Smurfett Corporation as a purchaser/buyer.[3]  (Id.).

Plaintiff testified that she can no longer work due to severe pain in her spine from a herniated disc, spinal stenosis, and osteoarthritis.  (Doc. 9-2 at 41).  Her treatment has included anti-inflammatories, pain medication, blocks, and

---

[3] Plaintiff testified that Georgia Pacific continued to pay her until April 30, 2013, under the FMLA.  (Doc. 9-2 at 37).

epidurals.[4]  Plaintiff testified that she may need surgery at some point in the future.  (Id. at 41).

## IV. Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one.  The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[5]  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence.  Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion.").  In

---

[4] Plaintiff's medications include Lodine (anti-inflammatory), Tramadol (for pain), Treximet (for migraines), Bisystolic (for high blood pressure and heart arrhythmia), Lunesta (for sleep), Allegra D and Flonase (for allergies), a hormone replacement therapy for her thyroid, Effexor (for depression), Voltaren gel (for inflammation), and Ibuprofen.  (Doc. 9-2 at 42-43; Doc. 10-1 at 51).

[5] This Court's review of the Commissioner's application of legal principles is plenary.  Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

## V.    Statutory And Regulatory Framework

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or

equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). At the fourth step, the ALJ must make an assessment of the claimant's RFC. See Phillips v. Barnhart, 357 F. 3d 1232, 1238 (llth Cir. 2004). The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite her impairment. See Lewis v. Callahan, 125 F. 3d 1436, 1440 (llth Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

# VI. Discussion

## A. Substantial evidence supports the ALJ's RFC for a range of light work with the stated restrictions.

In her brief, Plaintiff argues that the ALJ's RFC for a range of light work is not supported by substantial evidence because the ALJ gave no weight to the opinions of her treating rheumatologist, Dr. Michael Vandenberg, M.D., that she can perform a reduced range of sedentary work,[6] that her pain levels distract her from performance of activities of daily living and work, that physical exertion would cause pain and distraction/abandonment from task, and that Plaintiff's spinal impairments meet the requirements of listing level severity. (Doc. 14 at 2-3; Doc. 10-2 at 218-23). The Government counters that the ALJ properly rejected Dr. Vandenberg's opinions as they are inconsistent with the substantial evidence in the case, including Dr. Vandenberg's own treatment records, the treatment records of Dr. David Walsh, M.D., and with Plaintiff's activities of daily living. (Doc. 17 at 8-11). Having reviewed the record at length, the Court finds that Plaintiff's claims are without merit.

Residual functional capacity is a measure of what Plaintiff

---

[6] Dr. Vandenberg actually opined in a Physical Capacities Evaluation dated July 31, 3014, that Plaintiff could sit for a total of four hours in an eight-hour work day and stand/walk for a total of two hours in an eight-hour work day. (Doc. 10-2 at 221).

can do despite his or her credible limitations.  See 20 C.F.R. §
404.1545.  Determinations of a claimant's residual functional
capacity are reserved for the ALJ, and the assessment is to be
based upon all the relevant evidence of a claimant's remaining
ability to work despite his or her impairments, and must be
supported by substantial evidence.  See Beech v. Apfel, 100 F.
Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546
and Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997));
Saunders v. Astrue, 2012 U.S. Dist. LEXIS 39571, *10, 2012 WL
997222, *4 (M.D. Ala. March 23, 2012).  Once the ALJ has
determined the plaintiff's residual functional capacity, the
claimant bears the burden of demonstrating that the ALJ's
decision is not supported by substantial evidence.  See Flynn v.
Heckler, 768 F.2d 1273, 1274 (11th Cir. 1985).  Plaintiff has
failed to meet her burden in this case.

As stated, Plaintiff argues that the RFC in this case is not
supported by substantial evidence because the ALJ gave no weight
to the opinions of her treating rheumatologist, Dr. Michael
Vandenberg, M.D.  As part of the disability determination
process, the ALJ is tasked with weighing the opinions and
findings of treating, examining, and non-examining physicians.
In reaching a decision, the ALJ must specify the weight given to
different medical opinions and the reasons for doing so.  See
Winschel v. Commissioner of Soc. Sec., 631 F.3d 1176, 1179 (11th

Cir. 2011).  The failure to do so is reversible error.  <u>See</u> <u>Williams v. Astrue</u>, 2009 U.S. Dist. LEXIS 12010, *4, 2009 WL 413541, *1 (M.D. Fla. 2009).

When weighing the opinion of a treating physician, the ALJ must give the opinions "substantial weight," unless good cause exists for not doing so.  <u>Costigan v. Commissioner, Soc.</u> <u>Sec. Admin.,</u> 2015 U.S. App. LEXIS 2827, *10, 2015 WL 795089, *4 (11th Cir. Feb. 26, 2015) (citing <u>Crawford v. Commissioner of</u> <u>Soc. Sec.</u>, 363 F.3d 1155, 1160 (11th Cir. 2004) and <u>Broughton v.</u> <u>Heckler</u>, 776 F.2d 960, 962 (11th Cir. 1985)).  The opinion of "a one-time examining physician — or psychologist," on the other hand, is not entitled to the same deference as a treating physician.  <u>Petty v. Astrue</u>, 2010 U.S. Dist. LEXIS 24516, *50, 2010 WL 989605, *14 (N.D. Fla. Feb. 18, 2010) (citing <u>Crawford</u>, 363 F.3d at 1160).  An ALJ is also "required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.'"  <u>Milner v. Barnhart</u>,  275 Fed. Appx. 947, 948 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(f)(2)(i)). "The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources."  <u>Id.</u> (citing <u>Edwards v. Sullivan</u>, 937 F.2d 580, 584-85 (11th Cir. 1991)).

Whether considering the opinions of treating, examining, or

non-examining physicians, good cause exists to discredit the testimony of *any* medical source when it is contrary to or unsupported by the evidence of record. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence." Hogan v. Astrue, 2012 U.S. Dist. LEXIS 108512, *8, 2012 WL 3155570, *3 (M.D. Ala. 2012). The ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (citation omitted); Adamo v. Commissioner of Soc. Sec., 365 Fed. Appx. 209, 212 (11th Cir. 2010) (The ALJ may reject any medical opinion if the evidence supports a contrary finding.).

In her decision, the ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, osteoarthritis of her bilateral knees, fibromyalgia, low grade inflammatory arthritis, chronic obstructive pulmonary disease, obstructive sleep apnea, gastro esophageal reflux disease, hypertension, and obesity. (Doc. 9-2 at 15). Even so, the ALJ found that Plaintiff still has the RFC to perform a range of light work with the following restrictions: Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently, can sit for 6 hours in an 8 hour workday, can

stand/walk in combination for 6 hours in an 8 hour workday, can frequently reach overhead in all directions bilaterally, can occasionally climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl. (Id. at 20). Plaintiff cannot climb ladders, ropes, or scaffolds. (Id.).

Based upon the testimony of the vocational expert, the ALJ concluded that Plaintiff is able to perform her past relevant work as a purchasing agent. (Id. at 25). Thus, the ALJ found that Plaintiff is not disabled. For the reasons discussed herein, the Court finds that the ALJ's decision is supported by substantial evidence.

First, with respect to Plaintiff's treating rheumatologist, Dr. Vandenberg, the record shows, as the ALJ found, that Dr. Vandenberg's opinions were inconsistent with his own treatment records, as well as those of treating physician Dr. Walsh, and with Plaintiff's activities of daily living. In a series of reports dated July 31, 2014, Dr. Vandenberg essentially opined that Plaintiff cannot work due to back pain from spinal stenosis and nerve root compression, which would distract her from performing work and would greatly increase with physical activity. (Doc. 10-2 at 218, 223). Plaintiff's treatment records show that Dr. Vandenberg diagnosed Plaintiff with fibromyalgia, low-grade inflammatory arthritis, chronic low back pain with spinal stenosis at L3-4 with L4 benign lesion, cervical

spondylosis with questionable upper extremity radiculopathy, and osteoarthritis of the knees, which he treated with medication and injections. (Doc. 10-2 at 88, 90, 264, 267). Dr. Vandenberg's treatment records also show, however, that despite Plaintiff's complaints of pain from these conditions, Dr. Vandenberg regularly documented essentially normal examination findings, including good, full, and normal range of motion, strength, and stability in upper and lower extremities without limitations or pain, no tenderness to direct palpation to the lumbar spine or sacroiliac areas, no active synovitis in her upper and lower extremities, normal sensation, no limp, normal gait, and unremarkable ankle and foot examination. (Doc. 10-2 at 88-97, 102, 106-07, 149, 261, 265, 268, 273-76). A 2013 MRI of the cervical spine showed C5-6 cervical cord *minimally* effaced with *moderate* bilateral neuroforaminal narrowing (Doc. 10-2 at 88), and a 2012 MRI of the lumbar spine showed L3-4 disk bulge, *mild to moderate* spinal stenosis with *mild* bilateral foraminal narrowing, with nonspecific lesions. (Doc. 10-2 at 99).

In addition, Plaintiff's treatment records in December 2012 from Dr. David Walsh, M.D., reflect that he treated Plaintiff for back and leg pain with epidural steroid injections, diet, and exercise. (Doc. 10-2 at 3-5). Dr. Walsh noted tenderness in Plaintiff's lumbar spine and observed that she bent forward at the waist when standing and could not walk very far without

stopping.  (Doc. 10-2 at 7).  However, Dr. Walsh also observed that Plaintiff had no limp and stated that she was sixty years old, and that her spinal stenosis was "very very typical."  (Doc. 10-2 at 6-7).  The following year, in December 2013, Dr. Walsh again observed that Plaintiff had tenderness at L5S1, that her sensation was "ok," and that she moved slowly with the appearance of pain.  However, he found upon physical examination that her deep tendon reflexes were normal and symmetrical in the upper and lower extremities and again instructed her to exercise regularly, to stretch, and to incorporate physical conditioning into her treatment plan.  (Doc. 10-2 at 225-26).  Dr. Walsh's treatment records, including his repeated instructions to Plaintiff to exercise regularly as part of her treatment plan, are inconsistent with the severity of limitations opined by Dr. Vandenberg.

In addition to Plaintiff's treatment records, the record confirms the ALJ's findings related to Plaintiff's activities of daily living, which include preparing meals, performing household chores such as washing dishes, changing bed linens, dusting, doing laundry, watering grass and shrubs, walking and caring for her dog, and driving a car.  (Doc. 9-2 at 24; Doc. 10-1 at 22-24).  While there is no question that Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, osteoarthritis of her bilateral knees,

fibromyalgia, low grade inflammatory arthritis, chronic obstructive pulmonary disease, obstructive sleep apnea, gastro esophageal reflux disease, hypertension, and obesity (Doc. 9-2 at 15), the record supports the ALJ's determination that the severity of limitations expressed in Dr. Vandenberg's opinions is inconsistent with the substantial evidence in this case, as detailed above. (Doc. 9-2 at 24). Therefore, the ALJ had good cause to discredit those opinions.

The Court further finds, based on the evidence detailed above, that substantial evidence supports the ALJ's finding that Plaintiff has the residual functional capacity to perform a range of light work, with the stated restrictions.[7] Indeed, Plaintiff has failed to show that any limitations caused by her impairments exceed the RFC and are not accommodated by the RFC and its stated restrictions. Accordingly, Plaintiff's claim must fail.

### B. Substantial evidence supports the ALJ's credibility finding.

Plaintiff also argues that the ALJ erred in evaluating the credibility of her testimony regarding the severity of her pain. (Doc. 14 at 5-9). The Commissioner counters that the ALJ

---

[7] As stated, the ALJ found that Plaintiff has the RFC to perform a range of light work but that she can only lift/carry 20 pounds occasionally and 10 pounds frequently, can sit for 6 hours in an 8 hour workday, can stand/walk in combination for 6 hours in an 8 hour workday, can frequently reach overhead in all directions bilaterally, can occasionally climb ramps and stairs, can occasionally stoop, kneel, crouch, and crawl, and cannot climb ladders, ropes, or scaffolds. (Doc. 9-2 at 20).

properly discounted Plaintiff's credibility based on the fact that her testimony was inconsistent with the substantial medical evidence in the case. (Doc. 17 at 11). Having reviewed the evidence at length, the Court finds that Plaintiff's claim is without merit.

When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician or other persons, and evidence of how the subjective symptoms affect the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). In a case where a claimant attempts to establish disability through his or her own testimony concerning pain or other subjective symptoms, a three-part standard applies. That standard requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Hubbard v. Commissioner of Soc. Sec., 348 Fed. Appx. 551, 554 (11th Cir. 2009) (unpublished) (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). The Social Security regulations provide:

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have

> a medical impairment(s) which could
> reasonably be expected to produce the pain or
> other symptoms alleged and which, when
> considered with all of the other evidence
> (including statements about the intensity and
> persistence of your pain or other symptoms
> which may reasonably be accepted as
> consistent with the medical signs and
> laboratory findings), would lead to a
> conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2013). "A claimant's subjective testimony

supported by medical evidence that satisfies the . . . standard

is itself sufficient to support a finding of disability." Foote

v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995).

When evaluating a claim based on disabling subjective

symptoms, the ALJ must consider all of the claimant's statements

about his or her symptoms and determine the extent to which the

symptoms can reasonably be accepted as consistent with the

objective medical evidence. See 20 C.F.R. § 404.1528. If an ALJ

decides not to credit a claimant's testimony about his or her

subjective symptoms, "the ALJ must articulate explicit and

adequate reasons for doing so or the record must be obvious" as

to the finding. Strickland v. Commissioner of Soc. Sec., 516

Fed. Appx. 829, 832 (11th Cir. 2013) (unpublished) (citing Foote,

67 F.3d at 1562). Failure to articulate the reasons for

discrediting testimony related to pain or other subjective

symptoms requires, as a matter of law, that the testimony be

accepted as true. Holt, 921 F.2d at 1223.

The Eleventh Circuit has held that the determination of

whether objective medical impairments could reasonably be expected to produce subjective symptoms is a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1985), *vacated on other grounds and reinstated sub nom.*, Hand v. Bowen, 793 F.2d 275 (11th Cir. 1986). A reviewing court will not disturb a clearly articulated finding related to a claimant's claims of disabling subjective symptoms, with substantial supporting evidence in the record. See Nye v. Commissioner of Social Sec., 524 Fed. Appx. 538, 543 (11th Cir. 2013) (unpublished).

"Regulation 96-7p and 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) require the ALJ to consider the consistency of subjective complaints." Lindsey v. Colvin, 2016 U.S. Dist. LEXIS 129547 *12-13, 2016 WL 5253219, *5 (N.D. Ala. Sept. 22, 2016) (quoting Majkut v. Commissioner of Soc. Sec., 394 Fed. Appx. 660, 663 (11th Cir. 2010)). SSR 16-3p is a new ruling which replaces SSR 96-7p and provides as follows: "[w]e are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation." SSR 16-3p,

2016 SSR LEXIS 42016, WL 1119029, *1.  The effect of the new
ruling has been described as follows:

> Both SSR 96-7p and SSR 16-13p direct that
> evaluation of a claimant's subjective
> symptoms shall consider all evidence in the
> record.  Both Rulings also incorporate the
> regulations, 20 C.F.R. §§ 404.1529(c)(3) and
> 416.929(c)(3), that identify factors to be
> considered in evaluating the intensity,
> persistence and functionally-limiting effects
> of the symptoms, including a claimant's daily
> activities; the nature, duration, frequency
> and intensity of her symptoms; precipitating
> and aggravating factors; and the type of
> medication and other treatment or measures
> used for the relief of pain and other
> symptoms, *i.e.*, the familiar factors
> identified in Polaski v. Heckler, 739 F.2d
> 1320 (8th Cir. 1984).  But while SSR 96-7p
> expressly provided that a credibility finding
> was required to be made under those
> regulations, SSR 16-3p expressly provides
> that use of the term "credibility" was being
> eliminated because the SSA regulations did
> not use it. 81 F.R. at 14167. SSR 16-3p
> further provides: In [eliminating reference
> to "credibility"], we clarify that subjective
> symptom evaluation is not an examination of
> an individual's character. Instead, we will
> more closely follow our regulatory language
> regarding symptom evaluation. Id. SSR 16-3p
> also expressly provides that the ALJ may not
> make conclusory statements about having
> considered the symptoms, or merely recite the
> factors described in the regulations. Rather,
> the determination or decision must contain
> specific reasons for the weight given to the
> individual's symptoms, be consistent, and
> supported by the evidence, and be clearly
> articulated so the individual and any
> subsequent reviewer can assess how the
> adjudicator evaluated the individual's
> symptoms. Id. at 14171.

Martsolf v. Colvin, 2017 U.S. Dist. LEXIS 2748, *14-15, 2017 WL

77424, *5 (W.D. Mo. Jan. 9, 2017); see also McVey v. Commissioner of Soc. Sec., 2016 U.S. Dist. LEXIS 93884, *14, 2016 WL 3901385, *5 (M.D. Fla. July 19, 2016) (holding that ALJ erred in basing her credibility determination on the fact that the claimant had made inconsistent statements concerning his sobriety, a matter which was unrelated to his impairment); Lindsey, 2016 U.S. Dist. LEXIS 129547 at *13, 2016 WL 5253219 at *5 ("[i]nconsistencies and conflicts in the record evidence and the claimant's statements about her symptoms may provide a basis for discounting the extent of claimant's statements.").

In support of her argument that her claims of pain were credible, Plaintiff points to her hearing testimony that she was sixty-two years old; that she was 5'2" tall and weighed 204 pounds; that she last worked on December 14, 2012 as a Plant Buyer for fifteen years; that she worked at the same company for forty-two years; that she had severe pain; that it hurt to sit for over an hour with the pain becoming unbearable; that she had taken anti-inflammatories and pain medication, had caudal blocks and epidurals in her back, and had physical therapy; that the pain medicine took the edge off the pain, but she still had pain going all the way to her toes; that she had fibromyalgia which caused pain all over her body; that the most she could walk is thirty to forty-five minutes; that she could stand no more than an hour; that she could sit a maximum of two hours; that she

could lift no more than ten pounds; that she could grocery shop using an electric cart; that she did minimal driving; that it was difficult to go up a set of stairs; that she could not bend over to pick something up without having back spasms; that she could not use her knees to stoop or squat; that she could pick up a coffee cup and open a door; that she had numbness in her hands; that she could make a simple meal for herself; that she could bathe and dress herself; that she could wash dishes and do laundry if she spread it out over time; that she could not sweep, mop, or vacuum, make her bed, or clean her bathroom; that at the end of walking for thirty to forty-five minutes she would have to sit or lie down for at least a couple of hours; that at the end of standing for an hour she would have to sit and rest about two hours; that most days she laid down four or five times during the day; and that she used ice packs and heat pads to relieve the pain in addition to changing positioning regularly. (Doc. 14 at 5-6). Plaintiff argues that this evidence is consistent with her diagnosis of fibromyalgia and back pain several years before she stopped working and with the fact that she worked for forty-two years before she applied for benefits and stopped working. (Doc. 14 at 9-10). Plaintiff argues that the ALJ failed to mention that she had worked for forty-two years at one place prior to stopping work due to disability. (Id. at 10).

The record shows, however, that the ALJ considered

Plaintiff's testimony in great detail and found that her medically determinable impairments could reasonably be expected to cause some of her alleged symptoms. However, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible because they were inconsistent with the substantial objective medical evidence in the case, including her repeated examination findings that showed normal/full range of motion, normal strength, and stability in the upper and lower extremities without limitations or pain, stable myalgias, no synovitis (inflammation), no limp, repeated orders from her treating physician to exercise, and significant activities of daily living, such as preparing meals, washing dishes, changing bed linens, dusting, doing laundry, watering grass and shrubs, walking and caring for her dog, and driving a car. (Doc. 9-2 at 21-23; Doc. 10-2 at 5-7, 88-99, 102, 106-07, 149, 225-26, 261, 265, 268, 273-76; Doc. 10-1 at 22-24). While the ALJ did not discuss every piece of evidence raised by Plaintiff in her brief, such as her forty-two year working history before she filed for disability, the record is clear that the ALJ considered Plaintiff's testimony in detail, assessed her overall condition, and simply found that the substantial medical evidence did not support the level of pain that she claimed. (Doc. 9-2 at 23-24). Contrary to Plaintiff's argument, "[t]he ALJ is not required to

specifically refer to every piece of evidence to explain [her] credibility finding, so long as the decision shows consideration of the claimant's condition as a whole." Patterson v. Berryhill, 2017 U.S. Dist. LEXIS 147190, *7, 2017 WL 4018030, *3 (M.D. Ala. Sept. 12, 2017) (citing Mitchell v. Commissioner, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014)).

Based on its review of the record, the Court finds that the ALJ did consider the Plaintiff's condition as a whole and, based on the medical evidence detailed above, the ALJ's determination that Plaintiff's statements relating to her pain were not entirely credible is supported by substantial evidence. Therefore, Plaintiff's claim must fail.

**VII.  Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability and disability insurance benefits be **AFFIRMED**.

**DONE** this **27th** day of **September, 2017.**

                              /s/ SONJA F. BIVINS
                        UNITED STATES MAGISTRATE JUDGE